Roberto Robledo (SBN 260041)
LAW OFFICES OF ROBERTO ROBLEDO
9845 Erma Road, Suite 300
San Diego, California 92131
(619) 500-6683
(619) 810-2980 fax
*roberto@robertorobledo.com*

Attorneys for Plaintiff Shahnaz Zarif

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shahnaz Zarif**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **R.M. Galicia, Inc. d/b/a Progressive Management Systems**, a corporation, <br><br> Defendant. | Case No.  **'18 CV 1958 CAB KSC** <br><br> **Complaint for Damages** <br><br> Jury Trial Demanded |

## **INTRODUCTION**

1. Defendant R.M. Galicia, Inc. d/b/a Progressive Management Systems, harassed Plaintiff for months with collection robocalls, when Defendant had no right to make these automated calls to Plaintiff's cellular telephone, and despite the fact that Defendant knew they were calling the wrong number and had been instructed to stop calling.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's

privacy rights afforded under state and federal law.

3.  The United States Supreme Court has recognized a citizen's home as "the last citadel of the tired, the weary, and the sick," *Gregory v. Chicago,* 394 U.S. 111, 125 (1969), and has noted that "[p]reserving the sanctity of the home, the one retreat to which men and women can repair to escape from the tribulations of their daily pursuits, is surely an important value." *Carey v. Brown,* 447 U.S. 455, 471 (1980).

4.  Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompanies these repeated robocalls, but also these robocalls caused diminished battery life, wasted Plaintiff's time, and interfered with her ability to otherwise make and receive calls on her cellular telephone.

## **JURISDICTION**

5.  Jurisdiction arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

6.  This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.,* the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California

Civil Code §§ 1788-1788.32, and for its perpetual invasions of Plaintiff's privacy in violation of California common law.

7.   Venue is proper in this District because Defendant transacts business here and places phone calls into this District, and Plaintiff lives in California.

## **PARTIES**

8.   Plaintiff Shahnaz Zarif (hereinafter "Plaintiff") is a natural person who resides in City of San Diego, County of San Diego, State of California and is a third party to a debt as that term is addressed in 15 U.S.C. § 1692c(b).

9.   Plaintiff has suffered a concrete injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

10. Defendant R.M. Galicia, Inc. d/b/a Progressive Management Systems, (hereinafter "Defendant") is a collection agency and a California corporation operating from an address of 1521 W. Cameron Avenue, 1st Floor, West Covina, California 91790, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)6.

11. Plaintiff is informed and believes, and thereon alleges, that Defendants are not attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by Cal. Civ. Code § 1788.2(b), and are "debt collectors" as that term is defined by Cal. Civ. Code § 1788.2(c).

12. At all times relevant to this Complaint, Defendant used one or more instrumentalities of interstate commerce, including electronic communication and the mail, to conduct business in the State of California and within this judicial district.

13. Plaintiff is informed and believes, and thereon alleges that this case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

14. Plaintiff is informed and believes, and thereon alleges sometime before January 2017, a third-party individual obtained medical services from an unknown medical provider and incurred medical debt(s) for those services.

15. Plaintiff is informed and believes, and thereon alleges the third-party is a natural person from whom a debt collector sought to collect a consumer debt, namely a medical debt, which was due and owing or alleged to be due and owing from the third-party and that third-party is a "debtor" as the term is defined by Cal. Civ. Code § 1788.2(h).

16. Plaintiff is informed and believes that the third party is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. 15 U.S.C. § 1692a(5) sets out the definition of "debt(s)" as financial obligations primarily for personal, family or household purposes. In this case Plaintiff is informed and believes, the third-party incurred alleged debts for personal, family, or household purposes, more specifically medical services, meeting the criteria for "debt(s)" under 15 U.S.C. § 1692a(5).

18. Cal. Civ. Code § 1788.2(d) and § 1788.2(f) define the terms "debt(s)" and "consumer debt" as money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person. Plaintiff is informed and believes the third-party is a natural person who allegedly incurred financial obligations due or owing to an unknown medical provider, and therefore meets the definition of "debt(s)" and "consumer debt" under Cal. Civ. Code § 1788.2(d) and § 1788.2(f).

19. Defendant's various communications with Plaintiff discussed in this Complaint, including repeated calls and voicemail messages fall within the term "communication" as it is defined by 15 USC § 1692a(2) and a "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b).

20. Plaintiff was not the recipient of any of the medical services the unknown medical provider performed for the third party, and she is in no way liable or financially obligated to pay for these services.

21. Plaintiff is informed and believes, and thereon alleges that sometime after

incurring the debt(s) to the unknown medical provider, the third-party fell behind on payments for the medical services and the account was subsequently assigned, placed, or transferred to Defendant for collection.

22. From at least approximately January 2017 through March 2018, Defendant repeatedly and willfully contacted Plaintiff on her cellular telephone in an effort to collect a debt belonging to a third party.

23. On or around February 21, 2017, Plaintiff informed Defendant that they had the wrong number and instructed them to stop calling her cellular telephone.

24. Despite informing Defendant that they had the wrong number and instructing Defendant to stop calling, the calls from Defendant continued through March of 2018.

25. Defendant left voicemails on Plaintiff's cellular voicemail answering service. Those voicemails identified Defendant as the caller, disclosed that Defendant's intent was to collect a debt from a third party, and disclosed private information regarding that third party.

26. The voicemails Defendant left on Plaintiff's cellular voicemail answering service were artificial, prerecorded, synthetic, computer and/or software generated.

27. Defendant's communications and the voicemails they left with Plaintiff fail to meet any of the exceptions to permissible third-party communications

listed in 15 U.S.C. §§ 1692c(b) and 1692b.  Therefore, each of Defendant's communications with Plaintiff violates 15 U.S.C. §§ 1692c(b) and 1692b.

28.  Defendant's repeated calls to Plaintiff's cell phone, despite having been informed that they were calling the wrong number and being instructed to stop calling, were harassing, oppressive, and abusive to Plaintiff and violate 15 U.S.C. § 1692d.

29.  Defendant's repeated calls and voicemails caused Plaintiff to feel frustrated, annoyed, and stressed. Especially once Defendant ignored her instructions that they were calling the wrong number and that the calls stop.

30.  15 U.S.C. § 1692d(5) prohibits a debt collector from causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Here, Defendant called Plaintiff's cellular telephone repeatedly despite being informed that they were calling the wrong number and being instructed to stop calling. Defendant's repeated calls and voicemails violate 15 U.S.C. § 1692d(5).

31.  Similarly, Cal. Civ. Code. § 1788.11 prohibits a debt collector from causing a telephone to ring repeatedly or continuously to annoy the person called. Defendant's repeated calls and voicemail messages despite being informed that they were calling the wrong number and being instructed to stop calling violate Cal. Civ. Code. § 1788.11.

32. 15 U.S.C. § 1692f prohibits a debt collect from using unfair and unconscionable means to collect or attempt to collect any debt. Defendant's repeated calls and voicemails to Plaintiff despite being informed that they were calling the wrong number and instructed to stop calling is an unfair and unconscionable means of attempting to collect a debt and therefore violates 15 U.S.C. § 1692f.

33. By violating 15 U.S.C. § § 1692c(b), 1692b, 1692d, 1692d(5), 1692f, Defendant also violated Cal. Civ. Code § 1788.17.

### *Telephone Consumer Protection Act*

34. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

35. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

36. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

37. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the

calls are made with the "prior express consent" of the called party.

38. The FCC also resolved the question of whether consent may be revoked in a Declaratory Ruling and Order released on July 10, 2015, wherein it determined that "[c]onsumers have the right to revoke consent, using any reasonable method including orally or in writing. Consumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15–72, 30 F.C.C.R. 7961 (July 10, 2015).

39. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A).

40. An "automatic telephone dialing system" means "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1)(A), (B).

41. At all times relevant to this complaint, Plaintiff was and is a "person" as

defined by 47 U.S.C. § 153(39).

42.   At all times relevant to this complaint, Plaintiff was and is the owner, subscriber and user of a cellular telephone with the telephone number (XXX) XXX-1013 [TELEPHONE NUMBER REDACTED] that is assigned to a service for which Plaintiff is charged for calls.

43.   At all times relevant to this Complaint, Defendant knowingly used, controlled, and/or operated an "automatic telephone dialing system" as defined by the TCPA at 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(2).

### *Illegal Auto-Dialed Calls*

44.   Within four years immediately preceding the filing of this lawsuit, Defendant and its agents knowingly used an automatic telephone dialing system to call Plaintiff's cell phone number (XXX) XXX-1013 in an effort to collect a debt from a third party multiple times.

45.   Plaintiff informed Defendant that they were calling the wrong number and instructed Defendant to stop calling her cellular telephone number.

46.   Despite Plaintiff's instructions Defendant persisted in calling her using an ATDS on her cellular phone and left her numerous artificial-prerecorded voicemail messages.

### *Automated Call Violations of the TCPA*

47.   Plaintiff did not expressly consent to Defendant's placement of telephone calls to her cell phone by the use of an automatic telephone dialing system

or a prerecorded or artificial voice.

48. Plaintiff also informed Defendant that they were calling the wrong number and instructed them to stop calling her cellular phone.

49. Defendant ignored Plaintiff's instructions, however, and continued to call Plaintiff's telephone number with its automatic telephone dialing system.

50. Defendant knew, or should have known, that it did not have Plaintiff's consent to use an automatic telephone dialing system to call Plaintiff's cell phone, especially after Plaintiff informed them that they were calling the wrong number and instructed them to stop calling, yet it continued to harass Plaintiff with automated calls and artificial-prerecorded voicemail messages.

51. Defendant made these unwanted automated phone calls to Plaintiff's cell phone number in violation of the TCPA.

52. These automated calls from Defendant to Plaintiff were made to Plaintiff's personal telephone, and therefore Plaintiff has suffered particularized concrete injuries because her cell phone was unavailable for legitimate use during the unwanted calls and the calls harassed and annoyed her.

53. Additionally, each of the artificial-pre-recorded voicemail messages Defendant left on Plaintiff's cellular telephone occupied valuable and limited storage space on Plaintiff's cellular telephone, preventing her from using that space for her own personal use.

54. Having to deal with the unwanted ringing of her cellular telephone and listening to the repeated voicemail messages from Defendant wasted Plaintiff's time. Each of the calls and accompanying artificial-prerecorded voicemail messages were a nuisance and interruption to Plaintiff's daily life.

55. Plaintiff's cell phone battery was depleted each time Plaintiff received a call from Defendant and each time she listened to their voicemail messages.

56. Defendant's repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

57. None of the telephone calls that Defendant placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

58. Defendant willfully or knowingly violated the TCPA by continuing to call Plaintiff's cell phone after being told that they were calling the wrong number and to stop calling because Defendant had no basis to believe that they had Plaintiff's prior express consent to make automated calls or to send artificial and prerecorded messages to Plaintiff's cell phone.

59. The FCC has issued an order that states:

> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications. Should a question arise as to whether express consent was provided, the

burden will be on the creditor to show it obtained the necessary prior express consent. Similarly, a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call.

*In re Rules Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd 559, 565 (F.C.C. 2007), paragraph 10. (Footnotes omitted.)

60.   The repeated autodialed collection calls of Defendant and its agents to Plaintiff's cell phone also unreasonably invaded Plaintiff's right to privacy in her home, in violation of California law.

61.   It was highly offensive for Defendant to continue calling Plaintiff on her cell phone, after she informed them that they were calling the wrong number and instructed them to stop calling.

62.   Upon good faith information and belief, Plaintiff alleges that Defendant used an automated telephone dialing system to call her cellular telephone in violation of the TCPA, because the voicemail messages Defendant left on Plaintiff's answering service sounded computerized and/or robotic.

63.   On most occasions, Defendant delivered to Plaintiff prerecorded synthesized messages automatically to her cellular telephone's voicemail system.

64.   Defendant has been sued numerous times in the past for its use of automated telephone dialing equipment on cellular telephones.

### *Summary*

65.   All of the calls made to Plaintiff's cell phone by Defendant and its agents using an automatic telephone dialing system were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

66.   Defendant's persistent autodialed calls eliminated Plaintiff's right to be left alone.

67.   Defendant's autodialed collection calls disrupted Plaintiff's privacy, and continually frustrated and annoyed Plaintiff.

68.   These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had in Plaintiff's home and anywhere else Plaintiff went with her cell phone.

69.   By persistently autodialing Plaintiff's cell phone without prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

### 15 U.S.C. § 1692 *et seq*.

70.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

71.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

72.   As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTIONS PRACTICES ACT

### Cal Civ. Code § § 1788-1788.32

73.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.   The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code §§ 1788-1788.32.

75.   As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory

damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Within the four-year period immediately preceding this action, Defendant made numerous calls to Plaintiff's cell phone using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. 64.1200 (a)(1)(iii).

78. The acts and/or omissions of Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

79. As a causally direct and legally proximate result of the above violations of the TCPA, Defendant, at all times material and relevant hereto and as described in this Complaint, caused Plaintiff to sustain damages.

80. Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cell phone.

81. Defendant made these calls to Plaintiff's cell phone willfully and after Plaintiff explicitly instructed Defendant to stop.

82. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per automated phone call made to Plaintiff by Defendant.

83. Defendant willfully and knowingly violated the TCPA and, as such, Plaintiff is entitled to $1,500.00 per automated phone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

84. Plaintiff is also entitled to injunctive relief prohibiting Defendant from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(a)

## COUNT IV.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

85. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

86. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

87.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

88.   The Court of Appeals for the 8th Circuit has held that violations of the TCPA were violations of a consumer's right to privacy:

> We conclude that the ordinary meaning of the term "right of privacy" easily includes violations of the type of privacy interest protected by the TCPA.  Our court has previously stated that violations of the TCPA are "'invasions of privacy' under [the] ordinary, lay meaning[] of the[] phrase[].

*Owners Ins. Co. v. European Auto Works, Inc.*, 695 F.3d 814 (8th Cir. 2012) (citing *Universal Underwriters Ins. Co. v. Lou Fusz Auto. Network, Inc.*, 401 F.3d 876, 881 (8th Cir. 2005)).

89.   California has also recognized the right of privacy.

90.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns and affairs.

91.   Defendant and its agents intentionally and/or negligently interfered,

physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff's cellular telephone, and by continuing to call Plaintiff after she informed them that they were calling the wrong number and instructed them to stop calling.

92.   The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy, which occurred in a way that would be highly offensive to a reasonable person in that position.

93.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to equitable relief to prevent further invasions, compensatory damages, reasonable attorney's fees and punitive damages from Defendant in an amount to be determined at trial.

## PRAYER FOR RELIEF

   **WHEREFORE**, Plaintiff prays that judgment be entered against Defendant as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq*.

a)  an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from Defendant;

b)  an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. §

1692k(a)(2)(A), from Defendant;

c)  an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant;

## COUNT II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal Civ. Code § § 1788-1788.32.

d)  an award of actual damages pursuant to Cal. Civ. Code § 1788.30(a) in an amount to be adduced at trial, from Defendant;

e)  an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), from Defendant;

f)  an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), from Defendant.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

g)  for an award of $500.00 in statutory damages, for each and every one of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.,* pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

h)  for an award of $1,500.00 in treble damages, for each and every one of

Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C), against Defendant and for Plaintiff;

i)  for an injunction prohibiting Defendant from contacting Plaintiff's cell phone using an automatic telephone dialing system pursuant to 47 U.S.C. § 227(b)(3)(A).

## COUNT IV.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

j)  for an award of actual and compensatory damages from Defendant pursuant to California law for its invasion of Plaintiff's privacy in an amount to be determined at trial;

### Trial By Jury

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury.

Dated:   August 23, 2018.          Law Offices of Roberto Robledo

*/s/ Roberto Robledo*

Attorneys for Plaintiff